IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSEPH BROWNE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-587 |
| | ) | |
| | ) | |
| THE PANTRY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Joint Motion to Approve Settlement, Motion to Seal Settlement Agreement, and Motion to Enter Stipulation of Dismissal with Prejudice. (Doc. 10.) The Court has reviewed the Motion, the sealed exhibit, and the briefs filed by the parties arguing why the settlement should be sealed and has heard oral argument from counsel. The Court finds that the parties have not met their burden to establish why the settlement agreement should be sealed and denies the Motion to Seal. The Court further finds that the settlement is fair and reasonable and should be approved.

The Plaintiff filed his Complaint in Guilford County Superior Court, alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act. The Defendant removed the case to this Court. (Doc. 1.) The parties began settlement negotiations and resolved the matter soon after an answer was filed. On September 21, 2011, the parties filed the instant Motion. (Doc. 10.)

"The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "The public's right of access to judicial records and

documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This does not mean, however, that all documents filed with a court must always be made public. As the *Stone* court explained:

> The common law presumes a right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L. Ed. 2d 570 (1978). The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion. *See Rushford v. The New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).
>
> Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest. *Rushford*, 846 F.2d at 253 (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 104 S. Ct. 819, 824, 78 L. Ed. 2d 629 (1984)).

*Stone*, 855 F.2d at 180. Before granting a motion to seal, a court must determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Id.*

Some courts have found that motions to seal settlements in FLSA cases are governed by the common-law right of access to the courts. *E.g., Boone v. City of Suffolk,* 79 F. Supp. 2d 603, 609 (E.D. Va. 1999). Other courts have applied the higher standard imposed under the First Amendment. *E.g., In re Dollar Gen. Stores FLSA Litig.*, Nos. 5:09-MD-1500, 4:09-CV-57-BR, 4:09-CV-58-BR, 2011 U.S. Dist. LEXIS 95016, at *4 (E.D.N.C. Aug. 24, 2011).

The Court need not decide whether settlement agreements in FLSA cases are governed by a stricter First Amendment right of access because the parties have not met the burden required under the common-law standard. Courts in recent years have been virtually unanimous

2

in finding that settlements under the FLSA should not be sealed in the ordinary course. *E.g.*, *Joo v. Kitchen Table, Inc*., 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases).

"Parties are typically permitted, and often encouraged, to reach private settlements." *Baker v. Dolgencorp, Inc.,* No. 2:10cv199, 2011 U.S. Dist. LEXIS 5208, at *5 (E.D. Va. Jan. 19, 2011). Settlements of FLSA cases are different, however, because those cases cannot be settled without a court finding that the settlement is fair and reasonable. *See, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

The requirement for court approval reflects an interest in transparency in these cases. A settlement agreement requiring court approval is a judicial record, which the common law presumes to be a public document. *Jessup*, 277 F.2d at 928, 929; *Boone*, 79 F. Supp. 2d at 609. This presumption is particularly strong for FLSA settlements. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003). As recently noted in *Poulin v. Gen. Dynamics Shared Res., Inc*., No. 3:09-cv-00058, 2010 U.S. Dist. LEXIS 40226 (W.D. Va. Apr. 23, 2010):

> Given the unmistakably remedial public policy underlying the FLSA, and considering the statute's prohibition of a private waiver of these statutory rights and requirement that any such waiver be supervised, the public's right of access to judicial records and documents applies with particular force to settlement agreements in FLSA wage settlement cases.

*Poulin*, 2010 U.S. Dist. LEXIS 40226, at *13; *accord Tabor v. Fox*, No. 5:09-CV-338-BR, 2010 U.S. Dist. LEXIS 60839, at *5 (E.D.N.C. June 17, 2010); *Dees v. Hydradry, Inc*., 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) ("The presumption that the record of a judicial proceeding remains public is surely most strong when the right at issue is of a private-public character, as the Supreme Court has described employee rights under the FLSA." (internal quotation marks omitted)); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

The only reasons the parties have put forth in support of their motion to seal are that the underlying settlement agreement contains a confidentiality provision and that a related case filed in another court was settled under seal. The parties' own agreement has routinely been held to be insufficient to overcome the presumption of public access, even under the lower common-law standard. *E.g.*, *Baker*, 2011 U.S. Dist. LEXIS 5208, at *11-12; *Poulin v. Gen. Dynamics Shared Res., Inc.* 2010 U.S. Dist. LEXIS 29478, at *8 (W.D. Va. Mar. 26, 2010). The Court is not aware of the circumstances before the other court that sealed a settlement in the related case, and the order sealing the settlement gave no details. The parties have cited no FLSA case in support of their position, and the cases the court has located that allow FLSA settlements to remain sealed involve agreements containing detailed business information that is ordinarily kept confidential. *E.g.*, *In re Dollar Gen. Stores*, 2011 U.S. Dist. LEXIS 95016, at *5-7. Thus, the Court concludes that the Motion to Seal should be denied.

At the hearing, the parties agreed that if the Court was not willing to grant the Motion to Seal, they still wanted to proceed with the settlement agreement. The parties explained fully the nature of the controversy, which focuses primarily on whether the Plaintiff was an exempt employee and the method of calculating overtime pay. They further explained the way the settlement amount was calculated. At the hearing through counsel, the Defendant articulated the reasons for disputing the Plaintiff's right to overtime, and the Plaintiff articulated his reasons for believing he is entitled to overtime. The Court finds the settlement amount to be a reasonable compromise over contested issues. The Court further finds the amount of the attorneys' fees to be reasonable.

It is therefore ORDERED that the Motion to Approve Settlement (Doc. 10) is GRANTED, the Motion to Seal Settlement Agreement (Doc. 10) is DENIED, and the Motion to Enter Stipulation of Dismissal with Prejudice (Doc. 10) is GRANTED.

This the 28th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE

5

Case 1:11-cv-00587-CCE -LPA   Document 16   Filed 10/28/11   Page 5 of 5